IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAY VAUGHAN, | |
| Plaintiff, | |
| | CIVIL ACTION NO. |
| v. | 1:20-cv-04485-JPB-RDC |
| DAL GLOBAL SERVICES, LLC, | |
| Defendant. | |

## <u>NON-FINAL REPORT AND RECOMMENDATION</u>

Plaintiff Fay Vaughan, proceeding *pro se* and *in forma pauperis*, brought this action against Defendant DAL Global Services, LLC, asserting a failure-to-accommodate claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq*. Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 15), requesting that this action be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons below, the undersigned **RECOMMENDS** that Defendant's motion to dismiss be **DENIED**.

# I. BACKGROUND

## A. Plaintiff's Allegations

The precise allegations in Plaintiff's amended complaint (Doc. 14) are difficult to discern, but construing the pleading in her favor and accepting its allegations as true for present purposes,[1] it appears that Plaintiff began her employment with Defendant in 2017. (Doc. 14 at 12). In June 2018, she suffered brain trauma and loss of vision in her right eye as a result of a collision, the details of which have not been provided. (*Id.* at 10). In addition to these acute injuries, Plaintiff also suffers from a chronic mental-health condition and diabetes, and she is unable to stand for long periods of time. (*Id.* at 6, ¶ 13).

After her June 2018 accident, a supervisor advised Plaintiff to request a work accommodation due to her health issues. (*Id.* at 10). Not long after, Plaintiff discussed her condition with management. (*Id.*). Defendant initially granted Plaintiff an accommodation that included, at minimum, a part-time schedule as a security screener extending from August 2018 through August 2019. (*Id.*). Sometime between June 2019 and August 2019, however, management removed Plaintiff from

---

[1] When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). And where, as here, the plaintiff is proceeding *pro se*, courts give liberal construction to the plaintiff's pleadings. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

the part-time schedule and indicated that she would be placed on medical leave until her work-related restrictions changed. (*Id.* at 10–11). In September 2019, hoping to resume her work schedule, Plaintiff submitted a request for accommodation. (*Id.* at 12). Defendant denied that request. (*Id.*). A manager informed Plaintiff that Defendant would no longer accommodate her condition with a part-time schedule, though the company would try to find another position for her. (*Id.*). Shortly thereafter, Plaintiff was placed on medical leave through July 2020. (*Id.*).

In sum, according to Plaintiff, her medical issues together constituted a disability for ADA purposes, and although Defendant initially accommodated her disability through reduced hours, the company unlawfully refused to continue such accommodation when it placed her on medical leave in the summer of 2019. (*Id.*).

### B. Procedural History

Plaintiff filed her original complaint with this Court's leave on November 6, 2020. (Docs. 3, 5).

On January 25, 2021, Defendant moved to dismiss the complaint under Rule 12(b)(6). (Doc. 10). Plaintiff opposed the motion (Doc. 13), but subsequently, on February 8, 2021, she filed an amended complaint pursuant to Rule 15(a)(1)(B) (Doc. 14). The amended complaint—which is now the operative pleading in this

case[2]—is identical in all material respects to the original complaint, except that it purports to correct Defendant's name.[3] Plaintiff's amended complaint mooted Defendant's initial motion to dismiss, so days later, on February 17, 2021, Defendant renewed its motion by timely filing the pending motion to dismiss Plaintiff's amended complaint, which is substantively identical to its initial motion. *See* (Docs. 10, 15).

In support of its pending motion to dismiss, Defendant argues that Plaintiff has failed to state a claim because (i) she has not specifically identified any requested accommodation, and (ii) in any case, Defendant provided her a reasonable accommodation in the form of an extended medical leave of absence. (Doc. 15-1 at 4–6). Although Plaintiff has not filed a response in opposition to Defendant's

---

[2] *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint.").

[3] The original complaint (Doc. 5) named "*Delta Global Staffing/Argenbright*" as Defendant, and the amended complaint (Doc. 14) purported to "correct Defendant's name" by changing it to "*Delta Global Services/UNIFI/Argenbright*." After Defendant filed its pending motion to dismiss the amended complaint, Plaintiff filed yet another amended pleading substantively identical to her original complaint (Doc. 16), without consent or Court leave, purporting to again "correct Defendant's name" by this time changing it to "*Delta Global Services LLC/UNIFI/Argenbright*." To stem the tide of amended pleadings and move the case forward, the undersigned entered an Order striking the most recent pleading amendment as improperly filed, and correcting Defendant's name. (Doc. 17). Separately, Plaintiff's amended complaint substituted various attachments for those affixed to her original complaint, but those attachments are immaterial for present purposes as the undersigned concludes that the face of Plaintiff's amended complaint contains sufficient factual content to state a plausible claim for relief.

4

pending motion to dismiss her amended complaint, she did file a response to Defendant's initial motion to dismiss her original complaint (Doc. 13)—and again, the motions themselves are identical in all material respects. In other words, Defendant's pending motion to dismiss is substantively opposed, even if technically it is not. In any event, "an unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still to consider the merits of the motion." *Graham v. Chase Home Finance*, No. 1:10-cv-2652-RWS, 2010 WL 5071592, at *1 (N.D. Ga. Dec. 6, 2010) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)).

The time for briefing has expired, and the pending motion is now ripe for review.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the "facial sufficiency" of a complaint. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). The Rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need to

articulate detailed factual allegations, a plaintiff is still obligated to provide a sufficient factual predicate for her entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), the reviewing court must presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] [her] claims across the line from conceivable to plausible." *Id*. at 570.

### III. DISCUSSION

Plaintiff's claim arises under Title I of the ADA, which prohibits discrimination against disabled individuals with respect to the terms, conditions, and privileges of their employment. 42 U.S.C. § 12112(a). To state a *prima facie* claim

for failure to accommodate, a plaintiff must show that: (1) she is disabled; (2) she is a qualified individual; and (3) she was discriminated against by her employer's failure to provide a reasonable accommodation. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege sufficient facts on each of these elements to support a reasonable inference that she is entitled to relief under the ADA. *See Wells v. W. Ga. Tech. Coll.*, No. 1:11-cv-3422-JEC, 2012 WL 3150819, at *3 (N.D. Ga. Aug. 2, 2012) (citing *Iqbal*, 556 U.S. at 678). Here, for purposes of its pending motion, Defendant concedes that Plaintiff was disabled and qualified—that is, the first two elements of Plaintiff's *prima facie* case—but it contends that Plaintiff's amended complaint nevertheless fails to state a claim as a matter of law because she cannot show that she was denied a reasonable accommodation. (Doc. 15-1 at 4–6).

An accommodation is reasonable and required under the ADA only if it will enable the employee "to perform the essential functions of the job." *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000). But "the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999); *see also Willis v. Conopco, Inc.*, 108 F.3d 282, 285 (11th Cir. 1997) ("[T]he ADA provides no cause of action for 'failure to investigate' possible accommodations."). Moreover, the plaintiff bears the burden of identifying an

accommodation, and of demonstrating that the accommodation allows her to perform the job's essential functions. *Earl*, 207 F.3d at 1367. Reasonable accommodations may include, for example, "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B). An accommodation is not required, however, if the employer can show that it would result in an undue hardship. *See Lucas*, 257 F.3d at 1255 (citing 42 U.S.C. § 12112(b)(5)(A) and 29 C.F.R. § 1630.9(a)).

In the reasonable-accommodation context, the ADA "envisions an 'interactive process' by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated." *Harris v. Mills*, 572 F.3d 66, 75 (2nd Cir. 2009); *see also* 29 C.F.R. § 1630.2(*o*)(3) ("To determine the appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation. The process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations."). Importantly, however, an employer is not required to provide an employee with "the maximum accommodation or every conceivable

accommodation possible." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted). In other words, as the Eleventh Circuit has explained, "under the ADA a qualified individual with a disability is not entitled to the accommodation of her choice, but only to a reasonable accommodation." *Id.* at 1286 (citation omitted).

As a matter of law, whether an accommodation is reasonable under the ADA ultimately depends on the specific circumstances at issue. *See Terrell v. USAir*, 132 F.3d 621, 626 (11th Cir. 1998). A given accommodation may be reasonable in certain circumstances, but not in others. *See id.* ("In a specific situation, [a particular accommodation] may or may not be reasonable."); *see also Lewis v. Livingston Cnty. Ctr. For Nursing and Rehabilitation*, 30 F. Supp. 3d 196, 210 (W.D.N.Y. 2014) ("Whether a certain accommodation is reasonable is a fact-specific inquiry and must be made on a case-by-case basis."). For that reason, the question of reasonableness is generally "better reserved for summary judgment or trial rather than the pleading stage." *Lewis*, 30 F. Supp. 3d at 211.

At this early stage of the proceedings, the undersigned concludes that Plaintiff has asserted sufficient factual content in her amended complaint to plausibly state a failure-to-accommodate claim against Defendant under the ADA. *See Twombly*, 550 U.S. at 570. In this case's present posture, given Defendant's concessions regarding Plaintiff's disability and qualifications, the sole question before the Court is whether

9

Plaintiff has adequately alleged that she was denied a reasonable accommodation. According to Defendant, the requisite showing in that regard is precluded by Plaintiff's failure to specifically identify any such accommodation that she actually requested. However, construing Plaintiff's pleading liberally, *see Albra*, 490 F.3d at 829, that is not the case.

Plaintiff alleges that she was disabled throughout the relevant period and initially given an accommodation in the form of reduced hours, but that such accommodation was later stripped. She further alleges that sometime in September 2019, after she was removed from the part-time schedule, she submitted a request for accommodation.  The obvious implication based on the preceding is that the specific accommodation Plaintiff sought was the one she had and lost—i.e., part-time employment.[4] Regardless, Defendant continues, while it eliminated Plaintiff's part-time schedule it nevertheless substituted another reasonable accommodation in the form of a one-year medical leave of absence. True enough, an employee is not entitled to her preferred accommodation, *see Stewart*, 117 F.3d at 1285, and it may

---

[4] Defendant points out that Plaintiff attached Defendant's EEOC position statement to her original complaint, and in that document Defendant explains its justification for removing Plaintiff from part-time work. (Doc. 15-1 at 5, n.2). However, Plaintiff's original complaint and its attachments have been superseded by her amended complaint, which does not include Defendant's EEOC position statement. But in any case, Defendant's EEOC position statement only constitutes a denial of Plaintiff's basic claim that Defendant refused to provide a reasonable accommodation—i.e., it only underscores the parties' dispute on the central issue of accommodation, which is best reviewed on mature facts.

turn out that Defendant's decision to remove Plaintiff's part-time schedule and place her on a medical leave of absence was reasonable under the circumstances of her case. But that is a question that cannot yet be answered properly as a matter of law, as it is "better reserved" for further factual development. *See Terrell*, 132 F.3d at 626; *Lewis*, 30 F. Supp. 3d at 210.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 15) be **DENIED**.

IT IS SO **RECOMMENDED** on this 17th day of March 2021.

REGINA D. CANNON
United States Magistrate Judge